# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 09-01557-VAP (OPx)                              Date:  April 14, 2011

Title:   ALMA GALLEGOS -v- UNITED NATURAL FOODS, INC., a California corporation; GERALD KING, an individual, DOES 1 to 10
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   ORDER TO SHOW CAUSE (IN CHAMBERS)

     On June 6, 2009, Plaintiff filed a complaint in the California Superior Court for the County of San Bernardino ("Complaint"); Defendants United Natural Foods, Inc., and Gerald King ("Defendants") removed the action to this Court on August 13, 2009, on the basis of the Court's diversity jurisdiction.  (See Doc. No. 2 (Not. of Removal).)  The Court, after review, finds that it is not apparent from the face of the Complaint whether Defendant has satisfied the amount in controversy requirement. See 28 U.S.C. § 1332(a).

EDCV 09-1843-VAP (OPx)
BRADLEY SOPER, et al. v. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, et al.
MINUTE ORDER of June 23, 2010

    The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. <u>Prize Frize, Inc. v. Matrix (U.S.), Inc.</u>, 167 F.3d 1261, 1265 (9th Cir. 1999); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566-67 (9th Cir. 1992) (It is the removing party's burden to supply factual allegations showing the amount in controversy meets the jurisdictional requirement).  Federal diversity jurisdiction requires both complete diversity of the parties and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  A removing party may meet this burden by submitting evidence that establishes that, at the time it removed the complaint, it was more likely than not that the amount in controversy exceeded $75,000.  <u>Singer v. State Farm Mut. Auto Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997) (holding that defendant could submit declarations to meet its burden).

    As Plaintiff does not allege the amount in controversy and it is not otherwise clear from the face of the Complaint, Defendants bear the burden of proving the existence of the amount in controversy by a preponderance of the evidence.  <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 403-04 (9th Cir. 1996).  Defendant alleges that "the matter in controversy, here, exceeds the sum of $75,000, exclusive of interests and costs."  (Not. of Removal ¶3.)  Defendants further allege the amount in controversy exceeds $75,000 based on "various verdicts out of San Bernardino, Riverside, Los Angeles, Orange, Sacramento, Ventura, and Corona Counties."  (<u>Id.</u>)  Defendants' Notice of Removal does not, however, offer any evidence or argument demonstrating the accident here, with Plaintiff's alleged injuries, would yield a verdict in excess of $75,000.

    Accordingly, the Court ORDERS Defendant to show cause in writing, no later than April 25, 2011, why this action should not be remanded to the California Superior Court for the County of San Bernardino due to an absence of subject matter jurisdiction by this Court.  Plaintiff's response, if any, shall be filed no later than May 2, 2011.

    **IT IS SO ORDERED.**